AO 91 (Rev. 11/11) Criminal Complaint (Rev. by USAO on 3/12/20)        ☐ Original    ☐ Duplicate Original

**LODGED**
CLERK, U.S. DISTRICT COURT
**6/9/2025**
CENTRAL DISTRICT OF CALIFORNIA
BY: MMC    DEPUTY

# UNITED STATES DISTRICT COURT
for the
Central District of California



FILED
CLERK, U.S. DISTRICT COURT
JUN - 9 2025
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

United States of America,

v.

Cristian Leonardo Avila-Gonzales,

Defendant

Case No. 2:25-MJ-03525-DUTY

## CRIMINAL COMPLAINT BY TELEPHONE
## OR OTHER RELIABLE ELECTRONIC MEANS

I, Marco Perera, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about the date of July 6, 2023, in the county of Los Angeles in the Central District of California, the defendant violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a), (b)(1) | Illegal Alien Found in the United States Following Deportation |

This criminal complaint is based on these facts:

*Please see attached affidavit.*

☒ Continued on the attached sheet.

/s/
_____
Complainant's signature

Marco Perera, Deportation Officer
Printed name and title

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: 6/9/2025

_____
Judge's signature

City and state: Los Angeles, California

Hon. Jacqueline Chooljian, U.S. Magistrate Judge
Printed name and title

SAUSA: Chris Mills x13819

**AFFIDAVIT**

I, Marco Perera, being duly sworn, declare and state as follows:

## I. PURPOSE OF AFFIDAVIT

1. This affidavit is made in support of a criminal complaint against and arrest warrant for CRISTIAN LEONARDO AVILA-GONZALES ("defendant"), charging him with violating Title 8, United States Code, Sections 1326(a), (b)(1) Illegal Alien Found in the United States Following Deportation.

2. The facts set forth in this affidavit are based upon my personal observations, my training and experience. This affidavit is intended to show that there is sufficient probable cause for the requested complaint and warrant and does not purport to set forth all my knowledge of or investigation into this matter. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

## II. BACKGROUND OF DEPORTATION OFFICER MARCO PERERA

3. I am a Deportation Officer ("DO") with the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"). I have been a DO with ICE, formerly known as the Immigration and Naturalization Service ("INS"), since May 2016. I am currently assigned to the Los Angeles Enforcement and Removal Operations field office. Before I became an ICE DO, I was employed by the United States Border Patrol since March 2008. I have experience reviewing immigration files, deportation and removal proceedings, and

executed final orders of removal, among other immigration related documents, process, and proceedings.

### III. STATEMENT OF PROBABLE CAUSE

4.  On or about July 6, 2023, the ICE Pacific Enforcement Response Center ("PERC") received an electronic notification based on defendant's biometric fingerprint information that he was arrested by Los Angeles Police Department for assault deadly weapon, in violation of California Penal Code § 245(A)(1). Based on my training and experience, I know that a person's biometric fingerprint information is obtained following his arrest for criminal offenses and during the subsequent booking process. This information is then searchable within various law enforcement, including the Department of Homeland Security indices that inform whether someone is amenable to immigration enforcement action.

5.  On or about that day, PERC lodged a DHS Immigration Detainer with LASD. Defendant is currently in custody with California Department of Corrections and Rehabilitation. Based on my training and experience, it is essential to act quickly and secure a federal arrest warrant for defendant while he is in a custodial setting because once defendant is released from custody, there is a high risk that he will abscond or evade apprehension, particularly in light of his prior removal(s) and unlawful reentry. Effectuating an arrest while defendant is in custody is materially safer for officers and defendant and presents a significantly lower risk of flight or resistance. Arrests in a controlled environment also reduce the need for

high-risk operations in the community and minimize potential harm to the public.

6. Based on my training and experience, I know that a DHS "A-File" is a file in which immigration records are maintained for aliens admitted to or found in the United States. I also know that a DHS A-File usually contains photographs, fingerprints, court records of conviction, and records relating to deportation or other actions by INS or DHS with respect to the subject alien for whom the DHS A-File is maintained.

7. On or about June 1, 2025, I obtained and reviewed the DHS A-File maintained for the subject alien "CRISTIAN LEONARDO AVILA-GONZALES." I compared the biometric fingerprint information from the arrest on July 6, 2023, against that found in the DHS A-File and the indices discussed in this affidavit, thereby confirming that they reference the same person – defendant, a previously deported alien.

8. The DHS A-File specifically contained the following documents and information:

    a. One executed Warrant of Removal/Deportation (Form I-205), indicating that defendant was officially removed from the United States on or about October 26, 2022. I know from my training and experience that a Warrant of Removal is executed each time a subject alien is removed and excluded from the United States by ICE (and its predecessor agency, INS) and usually contains the subject's photograph, signature, and fingerprint. The executed Warrant of Removal/Deportation in

defendant's DHS A-File contained his photograph, signature, and fingerprint.

  b. One executed Warrant of Removal/Deportation Form I-205 indicating that defendant was officially removed from the United States on or about July 20, 2016. This executed Warrant of Removal/Deportation in defendant's DHS A-File contained his photograph, signature, and fingerprint.

  c. One executed Notice to Alien Ordered Removed/Departure Verification Form I-296 indicating that defendant was officially removed from the United States on or about April 13, 2012. This executed Notice to Alien Ordered Removed/Departure Verification in defendant's DHS A-File contained his photograph, signature, and fingerprint.

  d. One executed Notice to Alien Ordered Removed/Departure Verification Form I-296 indicating that defendant was officially removed from the United States on or about March 26, 2012. This executed Notice to Alien Ordered Removed/Departure Verification in defendant's DHS A-File contained his photograph, signature, and fingerprint.

  e. A certified conviction record showing that defendant was convicted of a felony on or about September 5, 2023, of burglary first degree, in violation of California Penal Code § 459, in the Superior Court of Los Angeles County, Case Number BA516707, for which defendant was sentenced to a total term of 364 days in jail.

  f. A certified conviction record showing that defendant was convicted of a felony on or about June 30, 2016,

of vandalism, in violation of California Penal Code § 594, in the Superior Court of Los Angeles County, Case Number BA447213, for which defendant was sentenced to a total term of three years' county jail.

      g.    Various documents, in addition to the Warrant of Removal/Deportation, indicating that defendant is a native and citizen of Guatemala. These documents included a Guatemala Birth Certificate indicating the defendant is a citizen of Guatemala.

      h.    On or about June 1, 2025, I reviewed the printouts of the Criminal Identification Index ("CII"). Based on my training and experience, I know that the CII database tracks and records arrests and convictions of individuals according to an individual's CII number, which is in turn linked to an individual's biometric fingerprint information. The CII printouts confirmed that defendant had been convicted of the crimes reflected on the documents contained in defendant's DHS A-File, among other convictions and arrests.

    9.    On or about June 1, 2025, I reviewed the printouts of DHS computer indices on defendant. Based on my training and experience, I know that the DHS computer indices track and document each time an alien is deported or excluded from the United States by ICE, was deported or excluded by the former INS, or is granted permission to enter or re-enter the United States. The DHS computer indices confirmed that defendant had been removed, deported, and/or excluded on the date indicated on the Warrant of Removal/Deportation, found in defendant's DHS A-

File. The DHS computer indices further indicated that defendant had not applied for, or obtained from the Attorney General or the Secretary of Homeland Security, permission to re-enter the United States.

10. Based on my review of defendant's DHS A-File, I determined that it does not contain any record of his ever applying for, or receiving from the Attorney General or the Secretary of Homeland Security, permission to re-enter the United States. Based on my training and experience, I know that such documentation is required to re-enter the United States legally after deportation, and that if such documentation existed, it would ordinarily be found in defendant's DHS A-File.

## IV. CONCLUSION

11. For all the reasons described above, there is probable cause to believe that defendant has committed a violation of Title 8, United States Code, Sections 1326(a), (b)(1) Illegal Alien Found in the United States Following Deportation.

Attested to by the applicant in
accordance with the requirements
of Fed. R. Crim. P. 4.1 by
telephone on this 9th day of June
2025.

_____
HONORABLE JACQUELINE CHOOLJIAN
UNITED STATES MAGISTRATE JUDGE

7